UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DE'JEANE STINE,<br><br>             Plaintiff,<br><br>      v.<br><br>SAMANTHA PEEBLES; JAMES PEEBLES,<br><br>             Defendants. | Case No. 22-cv-01963-RFB-NJK<br><br>**ORDER** |

## I.    INTRODUCTION

Before the Court is Defendant James Peebles' Motion for Summary Judgment; Plaintiff's Motion to Extend Time for Service and Defendant James Peebles' Motion to Extend Time to File an Opposition. ECF Nos. 13, 16, 22.

## II.    PROCEDURAL BACKGROUND

On November 22, 2022, Plaintiff removed this suit from state court to the present court. ECF No. 1. The original Complaint was filed October 7, 2022. This is a negligence suit which alleges that the Defendants, Samantha Peebles and James Peebles, are responsible for damages resulting from a car accident. On January 18, 2023, the Honorable Magistrate Judge Nancy Koppe submitted an order approving a discovery plan. ECF No. 11. On June 21, 2023, Defendant James Peebles filed a Motion for Summary Judgement. ECF No. 13. On June 28, 2023, Plaintiff submitted proposed summons for Samantha Peebles. ECF Nos. 14, 15. On July 12, 2023, Plaintiff submitted a Motion to Extend Time for Service and an Opposition to Defendant's Motion for Summary Judgment. ECF Nos. 16, 17.

///

### III.   FACTUAL BACKGROUND

#### A.  Undisputed Fact

On or about January 23, 2022, a motor vehicle accident occurred involving the Plaintiff and Defendants. It is also undisputed that Samantha Peebles was not properly served within ninety days of the filing of the Complaint.

#### B.  Disputed Facts

There is a dispute regarding whether Mr. James Peebles is the owner of one of the vehicles involved in the accident, and whether the Defendants were negligent and caused the accident.

### IV.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### V.   DISCUSSION

The Court considers the arguments for summary judgment, in turn.

#### A.  Lack of Service

The Defendant argues that Samantha Peebles should be dismissed from this suit because she was not properly served. The Plaintiff asserts that good cause exists and requests an extension of the time period for service.

1   Federal Rule of Civil Procedure 4 provides the framework for service of process in a civil

2   action. In order to provide proper service, the plaintiff must cause a summons and a copy of the

3   complaint to be served on the defendant within ninety days after the complaint is filed. Fed. R.

4   Civ. P. 4(c)(1), (m). A proper summons must be signed and sealed by the clerk of court. Fed. R.

5   Civ. P. 4(b).  Alternatively, a plaintiff may request that the defendant waive service of summons.

6   Fed. R. Civ. P. 4(d). The notice and waiver request must be in writing, addressed to the defendant

7   or an authorized agent, include a copy of the complaint, two copies of the waiver form, a prepaid

8   means for returning the form, inform the defendant of the consequences of waiving and not

9   waiving service, allow at least thirty days for the defendant to return the waiver, and be sent by

10  reliable means, such as via first-class mail. Id. Once the defendant challenges service, the plaintiff

11  has the burden of establishing its validity. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

12  Dismissal is authorized when there is insufficient service of process. Fed. R. Civ. P.

13  12(b)(5); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("In

14  the absence of service of process . . . a court ordinarily may not exercise power over a party the

15  complaint names as defendant.") (citations omitted). In order to exercise personal jurisdiction over

16  a defendant, the procedural requirement of service of summons must be satisfied. Strong v.

17  Countrywide Home Loans, Inc., 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing Omni Capital

18  Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). However, if the plaintiff shows good

19  cause for the failure, the court must extend the time for service for an appropriate period. Fed. R.

20  Civ. P. 4(m).

21  In the present case, service of process should have been completed by January 5, 2023. As

22  noted, it is undisputed that service was not effectuated by this date.

23  Plaintiff's counsel argues that good cause exists to extend the service deadline because

24  Defense counsel represented to him that he was authorized to waive service on behalf of Ms.

25  Peebles and that he would deliver an executed waiver by the service deadline. Plaintiff's counsel

26  presents an email exchange to support this argument. While Plaintiff presents evidence that

27  Defendant was amenable to waiving service of process, there is no evidence that Plaintiff abided

28  by the proper protocol to request this waiver or that Plaintiff actually agreed to the waiver. Fed. R.

1    Civ. P. 4(d).  There is no evidence that Plaintiff's counsel ever followed up to ensure that the

2    waiver was properly executed. In fact, over five months passed before Plaintiff made any request

3    for an extension to properly serve the Defendant. Moreover, the Court finds that Plaintiff still

4    cannot meet her burden of establishing proper service. Plaintiff's counsel asserts that he used an

5    unstamped version of the summons to attempt to serve Samantha Peebles. This is insufficient. See

6    Fed. R. Civ. P. 4(b).

7         The Court does not find good cause to extend the deadline for service. Plaintiff has had

8    more than ample time to effect proper service. Since service was not effectuated by the deadline,

9    the Court does not have personal jurisdiction over Samantha Peebles. See Strong, 700 Fed. App'x

10   at 667. The case is dismissed as to Ms. Peebles.

11                              **B.  Lack of Evidence of Ownership**

12        Defendant argues that the only allegation against Mr. Peebles is that he owned the vehicle

13   involved in the accident at issue, and Plaintiff has no evidence to support this assertion. Plaintiff

14   agrees that she has no evidence that Mr. Peebles owns the vehicle, and requests the Court allow

15   for additional discovery.

16        In order to defeat summary judgment, the Plaintiff must produce evidence of a genuine

17   dispute of material fact that could satisfy the preponderance of the evidence burden at trial.  See

18   Sonner v. Schwabe N. Am., Inc., 911 F.3d 989, 992 (9th Cir. 2018); see also Celotex Corp. v.

19   Catrett, 477 U.S. 317, 322-23. Here, Plaintiff concedes that even after discovery, she has no

20   evidence to support her allegations. Accordingly, Plaintiff fails to meet the burden to overcome

21   summary judgment. Thus, summary judgment is granted to the Defendant James Peebles.

22        **VI.    CONCLUSION**

23        **IT IS THEREFORE ORDERED** that Plaintiff's [16] Motion to Extend Time to

24   Effectuate Service is **DENIED**.

25        **IT IS FURTHER ORDERED** that Defendant James Peeble's [13] Motion for Summary

26   Judgment is **GRANTED**.

27   ///

28   ///

1

2

3

**IT IS FURTHER ORDERED** that Defendant James Peeble's [22] Motion to Extend Time to File Opposition to Plaintiff's Motion to Extend Time to Effectuate Service is **GRANTED** *nunc pro tunc*.

4

Accordingly, this case is **DISMISSED**. The Clerk of Court is instructed to close this case.

5

6

**DATED:** <u>March 30, 2024</u>

7

8

9

10

11

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28